**COTCHETT, PITRE & McCARTHY, LLP**
MARK C. MOLUMPHY (SBN 168009)
*mmolumphy@cpmlegal.com*
TYSON REDENBARGER (SBN 294424)
*tredenbarger@cpmlegal.com*
JULIA PENG (SBN 318396)
*jpeng@cpmlegal.com*
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California  94010
Telephone:   (650) 697-6000
Facsimile:     (650) 697-0577

*Counsel for Lead Plaintiff City of Providence*

[Additional Counsel on Signature Page]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ORACLE CORPORATION STOCKHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case No. 5:19-cv-00764-BLF<br><br>**STIPULATION AND [PROPOSED] ORDER TO CONTINUE STAY OF DERIVATIVE ACTION**<br><br>Related Derivative Case:<br><br>Case No. 5:19-cv-02448-BLF<br><br>Judge: Beth L. Freeman<br>Date First Action Filed: Feb. 12, 2019 |

STIPULATION AND [PROPOSED] ORDER TO CONTINUE STAY OF DERIVATIVE ACTION
sf-4505410

1    WHEREAS on May 6, 2019, Plaintiff City of Providence filed a derivative action in the

2    right, and for the benefit, of Nominal Defendant Oracle Corporation ("Oracle" or "Nominal

3    Defendant") against Defendants Lawrence J. Ellison, Safra A. Catz, Mark V. Hurd, and Thomas

4    Kurian (collectively, the "Defendants") to remedy alleged violations of Section 10(b) of the

5    Securities Exchange Act of 1934 ("Exchange Act"), SEC Rule 10b-5, and Section 20(a) of the

6    Exchange Act, alleged breaches of fiduciary duties, and seeking contribution and indemnification

7    (the "Derivative Action");

8    WHEREAS, on June 26, 2019, the Court entered a Stipulation and Order to Consolidate

9    Related Derivative Actions, Appoint Lead Plaintiff and Co-Lead Counsel, and Stay Derivative

10   Action ("Stay Order") that, among other things, (i) appointed City of Providence as lead plaintiff

11   ("Lead Plaintiff," together with Defendants, the "Parties") and Cotchett Pitre & McCarthy LLP

12   and Labaton Sucharow LLP  as co-lead counsel ("Co-Lead Counsel"), and (ii) temporarily stayed

13   the Derivative Action pending this Court's decision on any motion to dismiss filed by defendants

14   in *In re Oracle Securities Corporation Securities Litigation*, Case No.: 5:18-cv-04884-BLF (the

15   "Securities Litigation");

16   WHEREAS, on March 22, 2021, this Court issued an order granting in part and denying in

17   part defendants' motion to dismiss in the Securities Litigation;

18   WHEREAS, on April 22, 2021, this Court issued an order directing the parties to submit a

19   proposed schedule on further proceedings in this Derivative Action;

20   WHEREAS, pursuant to Paragraph 18 of the Stay Order, and the April 22, 2021 order,

21   counsel for the Parties have met and conferred regarding further proceedings in the Derivative

22   Action and have agreed to a continued stay subject to the terms provided herein;

23   NOW THEREFORE, it is hereby stipulated by and between the undersigned that:

24   1.    The Derivative Action shall remain stayed until the earlier of: (i) notification that

25   there has been a settlement reached in the Securities Litigation, (ii) the conclusion of the Securities

1    Litigation by way of a final, non-appealable judgment; or  (iii) until otherwise agreed to by the

2    Parties.

3           2.      Within thirty (30) days of the occurrence of any event listed in Paragraph 1 above,

4    the Parties shall meet and confer in good faith regarding a schedule for further proceedings in the

5    Derivative Action and shall submit a proposed schedule to the Court for approval.  At such time,

6    Nominal Defendant and Defendants shall have the right to seek a further stay of the Derivative

7    Action from the Court and Lead Plaintiff shall have the right to oppose any such request.

8           3.      Nominal Defendant and Defendants shall be under no obligation to respond to the

9    operative complaint while the Derivative Action is stayed.

10          4.      Subject to the performance of the terms and conditions set forth in Paragraph [5]

11   below, as long as the Derivative Action remains stayed, Nominal Defendant and Defendants shall

12   provide Lead Plaintiff with copies of any written discovery responses and documents produced by

13   defendants (the "Produced Documents") in the Securities Class Action, or in any related derivative

14   action or demand initiated pursuant to 8 Del. C. § 220 (collectively, the "Related Actions").

15   Nominal Defendant and/or Defendants shall provide Lead Plaintiff with court reporter contact

16   information within ten (10) business days of any deposition taken in the Securities Litigation so

17   that Plaintiff may request copies of deposition transcripts and/or any video and/or audio recordings

18   of such depositions (the "Deposition Materials").  Nominal Defendant and Defendants shall not

19   oppose such requests for transcripts (or any portions thereof) that have been designated as

20   confidential by Defendants under any confidentiality agreement or order governing the documents

21   produced in the Securities Litigation or in any Related Actions.  Lead Plaintiff shall not use or

22   explicitly or implicitly reference or rely upon any Produced Documents or Deposition Materials

23   (together, "Discovery") to amend their complaint, to seek leave amend their complaint, or oppose

24   any motions to dismiss filed by Defendants; provided, however, that this restriction on the use of

25   Discovery shall not apply with respect to any Discovery that is publicly available or become

STIPULATION AND [PROPOSED] ORDER TO CONTINUE STAY OF DERIVATIVE ACTION
sf-4505410

1   publicy available so long as Lead Plaintiff does not cause the Discovery to become publicly

2   available.

3          5.      Lead Plaintiff's right to receive the Discovery described in Paragraph [4] above is

4   contingent on Lead Plaintiff's agreement to be bound by a reasonable confidentiality agreement

5   or order governing the documents produced in the Securities Litigation or any Related Actions.  If

6   Lead Plaintiff cannot become a party to any confidentiality agreement or order in the Securities

7   Litigation or in any Related Actions, Lead Plaintiff shall enter into a separate agreement with

8   Nominal Defendant and Defendants acknowledging its agreement to be bound by the terms of the

9   confidentiality agreement or order entered into the Securities Litigation or any Related Actions,

10  with the express understanding that Lead Plaintiff shall be entitled to use such documents produced

11  to it in the Derivative Action, subject to the restrictions set forth in Paragraph [4] after such time

12  as the the stay is lifted pursuant to Paragraph [1].

13         6.      In the event of any mediation or formal settlement meeting to resolve the claims

14  asserted in the Securities Litigation or in any Related Actions, counsel for Nominal Defendant

15  and/or Defendants shall invite Lead Plaintiff to participate in any such mediation or formal

16  settlement meetings.   Notification to Lead Plaintiff of the setting of such mediation(s) or

17  meeting(s) shall be sufficient to permit Co-Lead Counsel's attendance.  Lead Plaintiff shall use

18  good faith efforts to work out mutually agreeable terms with the other parties to the mediation(s)

19  or meeting(s) for (i) Lead Plaintiff's participation in any such mediation(s) or meeting(s) and (ii)

20  the sharing of any expenses of such mediation(s) or meeting(s).  If the relevant parties cannot reach

21  agreement in regard to items (i) and (ii) in the preceding sentence, then Nominal Defendant, the

22  Board, and Defendants shall agree to mediate with Lead Plaintiff in regard to the derivative claims

23  on a date close to the mediation in the Securities Class Action or in any Related Actions.

| | | |
|---|---|---|
| 1 | Dated: June 11, 2021 | **COTCHETT PITRE McCARTHY LLP** |
| 2 | | */s/ Mark C. Molumphy* |
| 3 | | Mark C. Molumphy<br>*mmolumphy@cpmlegal.com* |
| 4 | | Tyson Redenbarger (SBN 294424)<br>*tredenbarger@cpmlegal.com* |
| 5 | | Julia Peng (SBN 318396)<br>*jpeng@cpmlegal.com* |
| 6 | | San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200 |
| 7 | | Burlingame, California  94010<br>Telephone:   (650) 697-6000 |
| 8 | | Facsimile:     (650) 697-0577 |
| 9 | | |
| 10 | | *Attorneys for Lead Plaintiff City of Providence* |
| 11 | Dated: June 11, 2021 | **LABATON SUCHAROW LLP** |
| 12 | | */s/ Jonathan Gardner* |
| 13 | | Jonathan Gardner<br>*jgardner@labaton.com* |
| 14 | | Christine Fox<br>*cfox@labaton.com* |
| 15 | | David MacIsaac<br>*dmacisaac@labaton.com* |
| 16 | | 140 Broadway |
| 17 | | New York, NY 10005<br>Tel:    (212) 907-0700 |
| 18 | | Fax:    (212) 818-0477 |
| 19 | | *Attorneys for Lead Plaintiff City of Providence* |
| 20 | Dated: June 11, 2021 | **MORRISON & FOERSTER LLP** |
| 21 | | */s/ Jordan Eth* |
| 22 | | Jordan Eth<br>*jeth@mofo.com* |
| 23 | | Philip T. Besirof<br>*pbesirof@mofo.com* |
| 24 | | 425 Market Street |
| 25 | | San Francisco, CA 94105<br>Tel:    (415) 268-7000 |
| 26 | | Fax:    (415) 268-7522 |
| 27 | | *Attorneys for the Individual Defendants* |
| 28 | | |

1  Dated: June 11, 2021

**ROPES & GRAY LLP**

2

3  */s/ Anne Johnson Palmer*
Anne Johnson Palmer

4  *Anne.JohnsonPalmer@ropesgray.com*
Three Embarcadero Center

5  San Francisco, CA 94111-4006
Tel:    (415) 315-6369

6  Fax:    (415) 315-4848

7  *Attorneys for Nominal Defendant Oracle*
*Corporation*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIGNATURE ATTESTATION**

I, Mark C. Molumphy, am the ECF user whose identification and password are being used to file the foregoing Stipulation and [Proposed] Order to Continue Stay Derivative Action. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained.

Dated: June 11, 2021                    By: */s/ Mark C. Molumphy*
                                             Mark C. Molumphy

* * *

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: __June 14, 2021__          By: _____

                                     Hon. Beth Labson Freeman
                                     United State District Judge