# Exhibit 1

EXECUTION VERSION

1   **COTCHETT, PITRE & McCARTHY, LLP**
    MARK C. MOLUMPHY (SBN 168009)
2   mmolumphy@cpmlegal.com
    TYSON REDENBARGER (SBN 294424)
3   tredenbarger@cpmlegal.com
    San Francisco Airport Office Center
4   840 Malcom Road, Suite 200
    Telephone: (650) 697-6000
5   Facsimile: (650) 697-0577

6   *Counsel for Lead Plaintiff City of Providence*

7   [Additional counsel appear on signature page]

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN JOSE DIVISION**

11  In re ORACLE CORPORATION                    Lead Case No. 5:19-cv-00764-BLF
    STOCKHOLDER DERIVATIVE
12  LITIGATION                                  **STIPULATION OF SETTLEMENT**

13  This Document Relates to:

14  ALL ACTIONS                                 Related Derivative Case:

15                                              5:19-cv-02448-BLF

16

17                                              Judge: Hon. Beth L. Freeman
                                                Date First Action Filed: Feb. 12, 2019
18

19          This Stipulation of Settlement ("Stipulation"), dated March 22, 2024, is made and entered into

20  by and among the following, through their counsel of record: (i) Lead Plaintiff City of Providence

21  ("Lead Plaintiff"), on behalf of itself and derivatively on behalf of nominal defendant Oracle

22  Corporation ("Oracle" or the "Company") in *In re Oracle Corporation Stockholder Derivative*

23  *Litigation*, Lead Case No. 5:19-cv-00764-BLF (the "Action"), pending before the Honorable Beth L.

24  Freeman of the United States District Court for the Northern District of California (the "Court");

25  (ii) defendants Lawrence J. Ellison, Safra A. Catz, and Paula R. Hurd, as Trustee of the Hurd Family

26  Trust and personal representative of the Estate of Mark Hurd[1] (the "Individual Defendants"); and

27

28          [1] Defendant Mark Hurd passed away during the pendency of the Action.

---

(iii) nominal defendant Oracle (together with Lead Plaintiff and the Individual Defendants, the "Parties").

This Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to all of the following terms and conditions (the "Settlement") and the Court's approval of the Settlement.

WHEREAS, on February 12, 2019, plaintiffs Rajiv Chugh and Sarita Chugh filed the above-captioned Action against the following individuals: Jeffrey S. Berg, Michael J. Boskin, Safra A. Catz, Bruce R. Chizen, George H. Conrades, Lawrence J. Ellison, Hector Garcia-Molina, Jeffrey O. Henley, Mark V. Hurd, Renée J. James, Charles W. Moorman IV, Leon E. Panetta, William G. Parrett, and Naomi O. Seligman.  The Action alleged violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), SEC Rule 10b-5, Section 14(a) of the Exchange Act, SEC Rule 14a-9, and alleged breaches of fiduciary duties, gross mismanagement, and waste of corporate assets.

WHEREAS, prior to the filing of the Action, another plaintiff filed a class action complaint in this Court captioned *City of Sunrise Firefighters' Pension Fund v. Oracle Corporation, et al.*, Case No. 5:18-cv-4844 (the "Securities Class Action"), against Oracle, Safra A. Catz, Mark V. Hurd, Lawrence J. Ellison, and others for alleged violations of the federal securities laws.

WHEREAS, on April 26, 2019, the Court entered a stipulated order staying the Action pending the Court's decision on a motion to dismiss the Securities Class Action.

WHEREAS, on May 6, 2019, the Lead Plaintiff filed a derivative action (the "*Providence* Action") against the Safra A. Catz, Mark V. Hurd, Lawrence J. Ellison, and Thomas Kurian for alleged violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5, as well as alleged breaches of fiduciary duties and seeking contribution and indemnification.

WHEREAS, on June 26, 2019, the Court entered a Stipulation and Order to Consolidate Related Derivative Actions, Appoint Lead Plaintiff and Co-Lead Counsel, and Stay Derivative Action that, among other things: (i) consolidated the *Providence* Action in to the Action; (ii) appointed the City of Providence as Lead Plaintiff and Cotchett, Pitre & McCarthy, LLP and Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) as co-lead counsel ("Co-Lead Counsel"); and (iii) temporarily stayed the Action pending the Court's decision on the motion to dismiss filed by the

1  defendants in the Securities Class Action, except that Lead Plaintiff was permitted to file a
2  consolidated complaint in the consolidated Action.

3  WHEREAS, on July 8, 2019, Lead Plaintiff filed its Verified Stockholder Derivative
4  Complaint against Safra A. Catz, Mark V. Hurd, Lawrence J. Ellison, and Thomas Kurian for alleged
5  violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5, as well as alleged
6  breaches of fiduciary duties and seeking contribution and indemnification.

7  WHEREAS, on March 22, 2021, the Court issued an order granting in part and denying in
8  part the defendants' motion to dismiss the Securities Class Action.

9  WHEREAS, on June 4, 2021, the Lead Plaintiff filed its Consolidated Amended Verified
10 Stockholder Derivative Complaint (the "Complaint") against the Individual Defendants for alleged
11 violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5, as well as alleged
12 breaches of fiduciary duties and seeking contribution and indemnification.  The Complaint alleges,
13 among other things, that the Individual Defendants made misleading statements and omissions to
14 Oracle's stockholders concerning the revenue drivers of Oracle's cloud services.  In particular, the
15 Complaint alleges, in part, that the Individual Defendants underestimated the future growth and
16 importance of cloud service while at the same time falsely touting that Oracle had superior cloud
17 products and impressive sales and revenue growth in its cloud business.  Further, the Complaint
18 alleges, in part, that Oracle executed over $14 billion in stock repurchases to allegedly mask the
19 Company's stagnating growth.

20 WHEREAS, on June 14, 2021, the Court entered a Stipulation and Order to Continue Stay of
21 Derivative Action that, among other things, temporarily stayed the Action until the earlier of:
22 (i) notification of a settlement of the Securities Class Action; (ii) the conclusion of the Securities Class
23 Action by way of a final, non-appealable judgment; or (iii) an agreement the Parties.

24 WHEREAS, on July 11, 2022, an Unopposed Motion for Preliminary Approval of Settlement
25 was filed in the Securities Class Action.

26 WHEREAS, on September 9, 2022, the Court entered a Stipulated Order to Continue Stay of
27 Derivative Action Pending Mediation that, among other things, temporarily stayed the Consolidated
28 Derivative Action pending the Parties' discussions concerning a potential mediated resolution of the

2

1  Action.

2      WHEREAS, to facilitate their discussions, the Parties retained the services of mediator Jed

3  Melnick, Esq. (the "Mediator").

4      WHEREAS, prior to mediating the matter, Oracle and the Individual Defendants produced to

5  Lead Plaintiff 19,804 documents related to the allegations in the Complaint.

6      WHEREAS, on October 8, 2022, informed by its counsel's investigation and the documents

7  produced by Oracle and the Individual Defendants, Lead Plaintiff served on counsel for the Individual

8  Defendants a demand letter in order to set forth its position and facilitate a discussion of potential

9  governance reforms to address the conduct alleged in the Complaint.

10     WHEREAS, on October 14, 2022, counsel for the Individual Defendants and Lead Plaintiff

11 met virtually to discuss the contents of Lead Plaintiff's demand letter and potential corporate

12 governance reforms that could form the basis for a settlement of the Action. The Individual

13 Defendants and Lead Plaintiff did not reach an agreement resolving the Action on October 14, 2022,

14 but agreed to continue their settlement discussions under the aegis of the Mediator and to exchange

15 additional information with respect to potential corporate governance reforms.

16     WHEREAS, on January 13, 2023, the Court entered a judgment approving the settlement of

17 the Securities Class Action.

18     WHEREAS, on October 17, 2023, with the continued assistance of the Mediator, the Parties

19 ultimately reached an agreement in principle on the material substantive consideration for the

20 Settlement and drafted a written set of corporate governance reforms for Oracle to adopt, implement,

21 and maintain as set forth herein.

22     WHEREAS, after negotiating and reaching agreement on the corporate governance

23 provisions, the Parties then subsequently began negotiations about the payment of the fees and

24 litigation expenses of Plaintiffs' Counsel (defined below).  After negotiations amongst counsel

25 through the Mediator, on January 22, 2024, Lead Plaintiff and Oracle agreed that, subject to Court

26 approval, attorneys' fees and expenses up to an aggregate amount of $700,000 would be paid to

27 Plaintiffs' Counsel by Oracle in consideration for the substantial benefits conferred upon Oracle and

28 its stockholders by the Settlement.

3

WHEREAS, this Stipulation (together with the Exhibits hereto), which has been duly executed by the undersigned signatories on behalf of their respective clients, reflects the final and binding agreement by and among the Parties.

WHEREAS, nominal defendant Oracle and the Individual Defendants (collectively, "Defendants") have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff in the Action. Oracle expressly has denied and continues to deny all allegations that it violated the Exchange Act or any SEC Rule and believes the decision to pursue this litigation belongs to its Board of Directors (the "Board"). The Individual Defendants expressly have denied and continue to deny all wrongdoing or liability against them or any of them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Oracle has suffered damage or that Oracle was harmed by any of the conduct alleged in the Action. The Individual Defendants have further asserted that at all relevant times they acted in good faith and in a manner that was in fact, and that they reasonably believed to be, in the best interests of Oracle and the Current Oracle Stockholders (as defined below).

WHEREAS, nonetheless, Defendants (including Oracle) have concluded that continuation of the Action would be protracted, expensive, potentially risky, and distracting. Defendants are entering into the Stipulation because it will eliminate the burden, expense, and risk inherent in any litigation and especially in complex cases like the Action while conferring substantial benefits upon Oracle and the Current Oracle Stockholders. Thus, Defendants have determined that it is in the best interest of the Company for the Action to be settled in the manner and upon the terms set forth in this Stipulation.

WHEREAS, Oracle's Board, advised by counsel for the Company, has approved a resolution reflecting the Board's determination, in the good faith exercise of its business judgment, that the Settlement confers substantial benefits upon Oracle and the Current Oracle Stockholders, and that the Settlement and each of its terms are fair and reasonable and serve the best interests of Oracle and the Current Oracle Stockholders.

WHEREAS, Lead Plaintiff believes that the claims asserted in the Action have merit, and Lead Plaintiff's entry into the Stipulation and Settlement is not intended to be, and shall not be

4

construed as, an admission or concession concerning the relative strength or merit of the claims alleged in the Action. Co-Lead Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Action on behalf of Oracle and against the Individual Defendants through trial and appeal. Co-Lead Counsel also have taken into account the uncertain outcome and the potential risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Co-Lead Counsel also are mindful of the inherent problems of proof of, and possible defenses to, the claims for relief asserted in the Action. Based on its own evaluations, and the evaluation of its counsel, Lead Plaintiff believes that the Settlement set forth in the Stipulation confers substantial benefits upon Lead Plaintiff, Oracle, and Current Oracle Stockholders, and that the Settlement and each of its terms are fair and reasonable and serve the best interests of Lead Plaintiff, Oracle, and Current Oracle Stockholders.

WHEREAS, each of the Parties recognizes and acknowledges that the Action has been initiated, filed, and prosecuted by Lead Plaintiff in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, reasonable, and adequate.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (on behalf of itself and derivatively on behalf of Oracle) and the Defendants, by and through their respective counsel of record, that, subject to the approval of the Court, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice as to all Defendants, upon and subject to all the terms and conditions of the Stipulation, as follows:

### A.    Certain Definitions

1.    As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control:

(a)    "Action" means the stockholder derivative action captioned *In re Oracle Corporation Stockholder Derivative Litigation*, Lead Case No. 5:19-cv-00764-BLF, pending before the Court.

1        (b)      "Board" means Oracle's Board of Directors.

2        (c)      "Co-Lead Counsel" means Cotchett, Pitre & McCarthy, LLP and Labaton

3  Keller Sucharow LLP (f/k/a Labaton Sucharow LLP).

4        (d)      "Court" means the United States District Court for the Northern District of

5  California.

6        (e)      "Current Oracle Stockholders" means any Person that has held Oracle common

7  stock as of the date of execution of this Stipulation and continues to hold their Oracle common stock

8  through the date of the Settlement Fairness Hearing.

9        (f)      "Defendants" means nominal defendant Oracle and the Individual Defendants.

10       (g)      "Effective Date" means the first date by which all of the following events and

11  conditions shall have been satisfied:

12           (i)      the Stipulation has been executed;

13           (ii)      the Fee and Expense Amount has been paid in accordance with Section

14  E;

15           (iii)      the Court has entered the Judgment (as defined below), substantially in

16  the form of Exhibit A attached hereto; and

17           (iv)      the Judgment has become Final.

18       (h)      "Fee and Expense Amount" means Plaintiffs' Counsel's attorneys' fees and

19  litigation expenses, including any service award to Lead Plaintiff, as approved by the Court, as

20  described in Section E.

21       (i)      "Final" with respect to a court order, including the Judgment, means the later

22  of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration

23  of the time for any further judicial review whether by appeal, reconsideration, or a petition for a writ

24  of *certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review

25  pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final

26  dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for

27  the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking

28  an appeal or seeking review of the order shall be extended beyond this time by order of the issuing

6

court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to any application for or award of attorneys' fees or expenses, including but not limited to the Fee and Expense Amount, shall not in any way delay or preclude the Judgment from becoming Final, in all other respects.

(j)     "Immediate Family Member" means, as set forth in 17 C.F.R. § 229.404, children, stepchildren, parents, stepparents, Spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  "Spouse" as used in this definition means a husband, a wife, or a partner in a state-recognized domestic partnership, civil union, or marriage.

(k)     "Individual Defendants" means defendants Lawrence J. Ellison; Safra A. Catz; and Paula R. Hurd, as Trustee of the Hurd Family Trust and personal representative of the Estate of Mark Hurd.

(l)     "Judgment" means the final judgment to be rendered by the Court in the Action, substantially in the form attached hereto as Exhibit A.

(m)     "Lead Plaintiff" means City of Providence, the capital city of the State of Rhode Island and Providence Plantations.

(n)     "Notice" means, collectively the Notice of Pendency and Settlement of Stockholder Derivative Action, substantially in the form attached hereto as Exhibit B-1 ("Long Form Notice"), and the Summary Notice of Proposed Settlement of Stockholder Derivative Action, substantially in the form attached hereto as Exhibit B-2 ("Summary Notice").

(o)     "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice of the Settlement to Current Oracle Stockholders and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by publication and other means to Current Oracle Stockholders; and (ii) communicating with Persons regarding the proposed Settlement.

(p)     "Oracle" or the "Company" means nominal defendant Oracle Corporation.

7

1    (q)    "Parties" means Lead Plaintiff and the Defendants.

2    (r)    "Person" means an individual, corporation, limited liability corporation,

3  professional corporation, partnership, limited liability partnership, limited partnership, association,

4  joint stock company, estate, legal representative, trust, unincorporated association, government or any

5  political subdivision or agency thereof, and any business or legal entity and their spouses, heirs,

6  predecessors, successors, representatives, or assignees.

7    (s)    "Plaintiffs' Counsel" means Cotchett, Pitre & McCarthy, LLP; Labaton Keller

8  Sucharow LLP (f/k/a Labaton Sucharow LLP); Gainey McKenna & Egleston LLP; Thornton Law

9  Firm LLP; and Tostrud Law Group, P.C.

10   (t)    "Preliminary Approval Order" means the proposed order, substantially in the

11  form attached hereto as Exhibit B, requesting (i) preliminary approval of the Settlement; (ii) approval

12  of the form and manner of providing notice of the Settlement to Current Oracle Stockholders; and

13  (iii) a date and time for the Settlement Fairness Hearing.

14   (u)    "Released Claims" means the Released Defendants' Claims and the Released

15  Plaintiffs' Claims.

16   (v)    "Released Defendants' Claims" means any and all claims (including Unknown

17  Claims), rights, and claims for relief, whether based on federal, state, local, statutory, or common law

18  or any other law, rule, or regulation, including, without limitation, unknown claims and claims under

19  California and common law, federal and state securities laws, and claims under any law governing

20  fiduciaries or the duties of fiduciaries, that have been, could have been, or in the future might be or

21  could be asserted in any form and in any forum against any of the Released Plaintiff Parties that arise

22  out of, are based upon, or relate to the commencement, litigation, or settlement of the Action.

23  Released Defendants' Claims shall not include any claims arising out of, based upon, or relating to

24  the enforcement of the Settlement.

25   (w)    "Released Plaintiffs' Claims" means any and all claims (including Unknown

26  Claims), rights, and claims for relief, whether based on federal, state, local, statutory, or common law

27  or any other law, rule, or regulation, including, without limitation, unknown claims and claims under

28  California and common law, federal and state securities laws, and claims under any law governing

8

fiduciaries or the duties of fiduciaries, that have been, could have been, or in the future might be or could be asserted in any form and in any forum derivatively by Oracle stockholders, or by Oracle against the Defendants or any of their Immediate Family Members, parent entities, affiliates, or subsidiaries and each and all of their respective past, present, or future officers, directors, employees, attorneys, accountants, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns that exist, could have existed, or may arise in connection with or that relate to the transactions, or matters, or occurrences, or representations, or omissions involved, set forth, referred to, or which relate in any way to: (a) the facts or allegations contained in the Action (including, but not limited to, breach of any duty owed to Oracle or its stockholders, including the duties of care, loyalty, and good faith); or (b) any allegation that Defendants or related parties improperly defended or settled the Action or the Released Plaintiffs' Claims or both.  Released Plaintiffs' Claims shall not include any claims arising out of, based upon, or relating to the enforcement of the Settlement.

(x)    "Released Defendant Parties" means the Defendants, and any of their Immediate Family Members, parent entities, affiliates, or subsidiaries and each and all of their respective past, present, or future officers, directors, employees, attorneys, accountants, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns.

(y)    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(z)    "Released Plaintiff Parties" means Lead Plaintiff, and any of its Immediate Family Members, parent entities, affiliates, or subsidiaries and each and all of their respective past, present, or future officers, directors, employees, attorneys (including Plaintiffs' Counsel), accountants, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns, in their capacities as such, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their Immediate Family members.

(aa)    "Releases" means the releases set forth in Paragraphs 15-18 of this Stipulation.

(bb)    "Settlement" means the settlement by and among the Parties on the terms and

9

1    conditions set forth in this Stipulation.

2            (cc)    "Settlement Fairness Hearing" means the hearing set by the Court to, among

3    other things, consider final approval of the Settlement.

4            (dd)    "Unknown Claims" means any Released Plaintiffs' Claims which Lead

5    Plaintiff, the Company, or any Current Oracle Stockholder does not know or suspect to exist in his,

6    her, or its favor at the time of the release of such claims and any Released Defendants' Claims which

7    any Individual Defendant or the Company does not know or suspect to exist in his, her, or its favor at

8    the time of the release of such claims, which, if known by him, her, or it, might have affected his, her,

9    or its decision(s) with respect to this Settlement.  With respect to any and all Released Plaintiffs'

10   Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date

11   of the Settlement, Lead Plaintiff, Defendants, and Current Oracle Stockholders shall be deemed to

12   have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights,

13   and benefits conferred by any law of any state or territory of the United States, or principle of common

14   law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which

15   provided:

16       A general release does not extend to claims that the creditor or releasing party does
         not know or suspect to exist in his or her favor at the time of executing the release
17       and that, if known to him or her, would have materially affected his or her settlement
         with the debtor or released party.

18   Any of Lead Plaintiff, Defendants, or Current Oracle Stockholders may hereafter discover facts in

19   addition to or different from those which he, she, or it now knows or believes to be true with respect

20   to the Released Plaintiffs' Claims or Released Defendants' Claims but, upon the Court's entry of the

21   Judgment, Lead Plaintiff, Defendants, and each of the Current Oracle Stockholders shall be deemed

22   to have, and by operation of the Judgment shall have, fully, finally, and forever settled any and all

23   Released Plaintiffs' Claims or Released Defendants' Claims without regard to the subsequent

24   discovery or existence of such different or additional facts.  The Parties acknowledge that the

25   foregoing waiver was separately bargained for and a key element of the Settlement.

26       **B.    Settlement of the Action**

27       2.    As part of the Settlement, Oracle will continue or will implement the corporate

28   governance measures stated in Paragraphs 3-8 below, which shall remain in place for five (5) years

10

from the Effective Date. At the conclusion of this five (5) year term, the Board's Finance and Audit Committee will review the process to determine whether it should be continued or modified. Oracle agrees that the implementation or continuation of these measures is substantially in response to the efforts of Plaintiffs' Counsel in the Action. These measures are subject to modification as a result of a change in law or regulations, or as necessary in the good-faith judgment of a unanimous vote or written consent of all of the independent directors of the Board.

3.      After each quarterly earnings conference call, Oracle's Legal Department will review a transcript of the conference call to evaluate whether any correction, amendment, or change to any of the statements made during the call should be considered.

4.      To the extent that the Legal Department believes it would be necessary or appropriate in connection with this review, the Legal Department may consult with representatives from Oracle's Finance, Investor Relations, Sales, or Accounting teams.

5.      Following its review of the quarterly earnings conference call transcript, the Legal Department will advise Oracle management in a timely fashion of the outcome of its review, so that the Company may determine whether a prompt corrective disclosure is appropriate.

6.      Further, each quarter, the Legal Department shall provide to the Board's Finance and Audit Committee an update concerning its review of the most recent earnings conference call transcript. The update shall include whether, based on the facts and circumstances identified, any additional or clarifying disclosures have been made.

7.      The Board's Finance and Audit Committee shall review the Legal Department's update and take whatever actions, if any, it deems appropriate in response.

8.      Oracle shall amend the charter of the Board's Finance and Audit Committee to reflect that Committee's role in this process.

### C.      Preliminary Approval, Notice, and Settlement Fairness Hearing

9.      Within a reasonable period not to exceed thirty (30) calendar days after execution of the Stipulation, the Parties' counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit B attached hereto, requesting, among other things: (a) preliminary approval of the Settlement;

11

(b) approval of the form and manner of providing notice of the Settlement to Current Oracle Stockholders; and (c) a date and time for the Settlement Fairness Hearing.

10. Within ten (10) business days after the entry of the Preliminary Approval Order, the Company shall: (a) post a copy of the Long Form Notice, substantially in the form attached hereto as Exhibit B-1, and the Stipulation (and Exhibits thereto) on the Investor Relations page of the Company's website; (2) publish the Summary Notice, substantially in the form attached hereto as Exhibit B-2, in *Investor's Business Daily* and issue a press release containing the Summary Notice on GlobeNewswire; and (3) request that the Depository Trust Company ("DTC") post the Long Form Notice on its LENS platform. The Summary Notice shall provide a link to the Investors Relations page on the Company's website where the Long Form Notice and this Stipulation (and Exhibits thereto) may be viewed, which page will be maintained through the date of the Settlement Fairness Hearing.

11. The Parties believe the content and manner of the notice, as set forth in Paragraph 10 above, constitutes adequate and reasonable notice to Current Oracle Stockholders pursuant to applicable law and due process.

12. The Company shall undertake the administrative responsibility for giving notice to Current Oracle Stockholders and shall be solely responsible for paying the costs and expenses related to providing notice of the Settlement as set forth herein or as may otherwise be required by the Court.

13. At least twenty-one (21) calendar days before the Settlement Fairness Hearing, the Individual Defendants' or Company's counsel shall file a declaration or affidavit confirming compliance with the form, manner, and timeliness of notice as approved by the Court.

14. The Parties shall request that, after the Notice is given, the Court schedule the Settlement Fairness Hearing to determine whether the Court should: (a) approve the Settlement as being fair, reasonable, and adequate; and (b) enter the Judgment, substantially in the form of Exhibit A attached hereto, which will finally approve the Settlement and dismiss the Action with prejudice.

### D. Release of Claims

15. The obligations incurred pursuant to this Stipulation are in consideration of the full and final disposition of the Action as against the Defendants and the Releases provided for herein.

16.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff, the Company, and by operation of law the Current Oracle Stockholders, shall be deemed to have, and by operation of law and of the Judgment, shall have, fully, finally, and forever discharged, settled, and released, and shall forever be enjoined from commencing or prosecuting, any and all of the Released Plaintiffs' Claims (including Unknown Claims) against the Released Defendant Parties.

17.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants shall be deemed to have, and by operation of law and of the Judgment, shall have, fully, finally, and forever discharged, settled, and released, and shall forever be enjoined from commencing or prosecuting, any and all Released Defendants' Claims (including Unknown Claims) against the Released Plaintiff Parties.

18.     Notwithstanding Paragraph 15-17 above, nothing in the Judgment shall impair or restrict the rights of any of the Parties to enforce the terms of this Stipulation or the Judgment.

**E.      Payment of Attorneys' Fees and Expenses of Plaintiffs' Counsel**

19.     The Company acknowledges and agrees that the Settlement confers substantial benefits upon the Company and its stockholders, and that Plaintiffs' Counsel are entitled to reasonable attorney's fees and expenses in an amount commensurate with the value of the Settlement's benefits. Lead Plaintiff and Oracle agree that, subject to Court approval, Oracle shall pay or cause to be paid the Fee and Expense Amount to Co-Lead Counsel in the aggregate amount of up to $700,000, as approved by the Court.

20.     Co-Lead Counsel may apply to the Court for payment of a service award to Lead Plaintiff in the amount of $5,000, only to be paid upon Court approval, and to be paid solely from, and out of, the Fee and Expense Amount.  The Defendants agree not to oppose any application for payment of the service award.  The failure of the Court to approve the requested service award, in whole or in part, shall have no effect on the Settlement set forth in this Stipulation.  In no event shall any of the Defendants be liable for any portion of the service award.

21.     The Fee and Expense Amount, as the Court approves, shall be paid into an account designated by Co-Lead Counsel within fifteen (15) business days of the date as of which the Court

13

has entered Judgment in the Action granting final approval of the Settlement and awarding attorneys' fees and litigation expenses, notwithstanding the existence of any collateral attacks on the Settlement, including without limitation, any objections or appeals.

22.    In the event that the Judgment fails to become Final as defined in Paragraph 1 above or the Fee and Expense Amount approved by the Court is later reduced on appeal or by the Court, by Final non-appealable order, then Co-Lead Counsel (or their successors) shall be severally obligated to make appropriate refunds or repayments to Oracle of any attorneys' fees and expenses previously paid and any actual interest earned on the balance, as appropriate, within five (5) business days from receiving notice from Oracle's counsel of written payment instructions.

23.    Co-Lead Counsel shall have responsibility for apportioning and distributing the Fee and Expense Amount amongst Plaintiffs' Counsel, consistent with their legal and fiduciary obligations, including but not limited to any agreement amongst counsel. In no event shall any of the Defendants have any obligations or liability with respect to that apportionment or distribution.

24.    Except as otherwise expressly provided in Paragraphs 12 and 19 above, the Parties shall bear their own attorneys' fees and costs incurred in connection with the matters set forth in the Stipulation.

**F.    Effective Date, Conditions of Settlement, and Termination of Stipulation**

25.    Effective Date of the Settlement shall be deemed to occur on the first date by which all of the following events and conditions shall have been satisfied:

(a)    the Stipulation has been executed;

(b)    the Fee and Expense Amount has been paid in accordance with Section E;

(c)    the Court has entered the Judgment, substantially in the form of Exhibit A attached hereto; and

(d)    the Judgment has become Final.

26.    If any of the conditions specified in Paragraph 25 are not met, then, unless the Parties mutually agree to proceed with an alternative or modified Settlement, and execute and submit an alternative or modified Stipulation for Court approval, the Parties shall be restored to their respective positions in the Action as of March 21, 2024 (one (1) day before date of Stipulation), and all

14

negotiations, proceedings, documents prepared, and statements made in connection with the Stipulation shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any of the Parties of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in the Action, or in any other action or proceeding. In such event, the terms and conditions of the Stipulation, with the exception of Sections A and F and Paragraphs 31-33 herein, shall have no further force and effect with respect to the Parties and shall not be used in the Action, or in any other action or proceeding, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

### G.    Other Provisions

27.    The Parties (a) acknowledge that it is their intent to consummate the terms and conditions of the Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to obtain the Court's preliminary and final approval of the Stipulation and to accomplish the terms and conditions of the Stipulation.

28.    The Parties intend this Stipulation to be a final and complete resolution of all disputes among them with respect to the Action. The Stipulation compromises claims that are contested and shall not be deemed an admission by any of the Parties as to the merits of any claim or defense. While retaining their right to deny that the claims advanced in the Action were meritorious, the Defendants do not dispute that the Action was filed in good faith and in accordance with the applicable laws and Rules of Court, including without limitation Rule 11 of the Federal Rules of Civil Procedure and or comparable provisions of state law.  The Parties agree that the Settlement's consideration and all other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defense.

29.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of each of the Parties (or their successors-in-interest).

15

30.     The waiver by one of the Parties of any breach of this Stipulation by any other of the Parties shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

31.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

32.     Neither the Stipulation nor any document referred to herein nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against the Defendants, or any of them, of any fault, wrongdoing, or liability whatsoever. Entering into or carrying out the Stipulation (or the Exhibits hereto), and any negotiations or proceedings related thereto, shall not in any event be construed as, or be deemed to be, evidence, an admission, or a concession with regard to Lead Plaintiff's claims or contrary to the Defendants' denials and defenses, and shall not be offered by any of the Parties or received in evidence in any action or proceeding in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of the Stipulation (and Exhibits hereto) or the provisions of any related agreement or release; except that the Stipulation and the Exhibits hereto may be filed in the Action, related litigation, or in any subsequent action against or by the Defendants or the Released Parties to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

33.     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive the Stipulation.

34.     The Exhibits to the Stipulation are a material and integral part hereof and are fully incorporated herein by reference.

35.     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

36.     The Stipulation and the Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or covenants have been made to any party concerning the Stipulation or its Exhibits, other than the representations, warranties, and covenants contained and memorialized in such documents. The Stipulation supersedes and replaces any prior or contemporaneous writing, statement, or understanding pertaining to the Action. Except as otherwise

16

1  provided herein, all parties shall bear their own costs.

2      37.    Counsel for the Parties are expressly authorized by their respective clients to take all

3  appropriate actions required or permitted to be taken pursuant to the Stipulation to effectuate its terms

4  and conditions, and Co-Lead Counsel also are expressly authorized by Lead Plaintiff to enter into any

5  modifications or amendments to the Stipulation that Co-Lead Counsel deem advisable and

6  appropriate.

7      38.    Each counsel or other Person executing the Stipulation or its Exhibits on behalf of any

8  of the Parties hereto hereby expressly warrants that such counsel or other Person has the full authority

9  to do so.

10     39.    The Stipulation shall be binding upon, and inure to the benefit of, the Parties and their

11  respective successors, assigns, heirs, spouses, marital communities, executors, administrators, and

12  legal representatives.

13     40.    The Stipulation may be executed in one or more counterparts. All executed

14  counterparts including facsimile or .pdf counterparts and each of them shall be deemed to be one and

15  the same instrument. A complete set of original executed counterparts (or copies electronically

16  transmitted pursuant to the Court's rules governing electronic filing) shall be filed with the Court by

17  Co-Lead Counsel.

18     41.    Without affecting the finality of the Judgment entered in accordance with the

19  Stipulation, the Court shall retain jurisdiction with respect to implementation and enforcement of the

20  terms of the Stipulation and Judgment, and the Parties submit to the jurisdiction of the Court for

21  purposes of implementing and enforcing the Stipulation and Judgment.

22     42.    The Stipulation and the Exhibits hereto shall be considered to have been negotiated,

23  executed, and delivered, and to be wholly performed, in the State of California, and the rights and

24  obligations of the Parties to the Stipulation shall be construed and enforced in accordance with, and

25  governed by, the internal, substantive laws of the State of California without giving effect to that

26  State's choice of law principles.

27     43.    Any of the Parties may give notice or service to another of the Parties under this

28  Stipulation.  Such notice shall be in writing and shall be deemed to have been duly given upon receipt

of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

|  |  |
|---|---|
| If to Lead Plaintiff: | Labaton Keller Sucharow LLP<br>Attn: Alfred L. Fatale III<br>140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0700<br>E-Mail: afatale@labaton.com |
| If to the Individual Defendants: | Morrison & Foerster LLP<br>Attn: Jordan Eth<br>425 Market Street<br>San Francisco, CA 94106<br>Telephone: (415) 268-7000<br>E-Mail: jeth@mofo.com |
| If to Oracle: | Ropes & Gray LLP<br>Attn: Anne Johnson Palmer<br>Three Embarcadero Center<br>San Francisco, CA 94111<br>Telephone: (415) 316-6369<br>E-Mail: anne.johnsonpalmer@ropesgray.com |

44.    The Stipulation shall be treated as jointly drafted and will not be construed against any one of the Parties as the drafter.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of March 22, 2024.

**COTCHETT, PITRE & MCCARTHY, LLP**


MARK C. MOLUMPHY
TYSON REDENBARGER

San Francisco Airport Office Center
840 Malcolm Road, Ste. 200
Burlingame, CA 94010
Telephone: (650) 697-6000

1

**LABATON KELLER SUCHAROW LLP**

2

3

_____

4

ALFRED L. FATALE III

5

140 Broadway
New York, NY  10005
Telephone: (212) 907-0700

6

7

_Attorneys for Lead Plaintiff City of Providence_

8

**MORRISON & FOERSTER LLP**

9

10

_____

11

JORDAN ETH
DAVID J. WIENER

12

425 Market Street
San Francisco, CA  94105
Telephone: (415) 268-7000

13

14

_Attorneys for the Individual Defendants_

15

16

**ROPES & GRAY LLP**

17

18

_____

19

ANNE JOHNSON PALMER

20

Three Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 315-6369

21

22

_Attorneys for Nominal Defendant Oracle Corporation_

23

24

25

26

27

28

19

**LABATON KELLER SUCHAROW LLP**

_____
ALFRED L. FATALE III

140 Broadway
New York, NY  10005
Telephone: (212) 907-0700

*Attorneys for Lead Plaintiff City of Providence*

**MORRISON & FOERSTER LLP**

_____
JORDAN ETH
DAVID J. WIENER

425 Market Street
San Francisco, CA  94105
Telephone: (415) 268-7000

*Attorneys for the Individual Defendants*

**ROPES & GRAY LLP**

_____
ANNE JOHNSON PALMER

Three Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 315-6369

*Attorneys for Nominal Defendant Oracle Corporation*

19

# EXHIBIT A

1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN JOSE DIVISION**

11 In re ORACLE CORPORATION | Lead Case No. 5:19-cv-00764-BLF

12 STOCKHOLDER DERIVATIVE LITIGATION

13 This Document Relates to:

14 ALL ACTIONS

15 **[PROPOSED] FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE**

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREAS, on March 22, 2024, (i) Lead Plaintiff City of Providence ("Lead Plaintiff"), on behalf of itself and derivatively on behalf of nominal defendant Oracle Corporation ("Oracle" or the "Company"), (ii) defendants Lawrence J. Ellison, Safra A. Catz, and Paula R. Hurd, as Trustee of the Hurd Family Trust and personal representative of the Estate of Mark Hurd (the "Individual Defendants"); and (iii) nominal defendant Oracle (together with Lead Plaintiff and the Individual Defendants, the "Parties"), entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23.1 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Consolidated Amended Verified Stockholder Derivative Complaint (the "Complaint"), filed on June 4, 2021, on the merits and with prejudice (the "Settlement");

WHEREAS, pursuant to the Order Preliminarily Approving Settlement and Providing for Notice, entered _____, 2024 (the "Preliminary Approval Order"), the Court: (i) preliminarily approved the proposed Settlement; (ii) approved the forms and manner of notice to Current Oracle Stockholders; and (iii) scheduled a hearing for _____, 2024, at __:__ __.m. (the "Settlement Fairness Hearing") to, among other things, determine whether the proposed Settlement of the Action is fair, reasonable, and adequate, and should be approved by the Court, and to rule on Co-Lead Counsel's fee and expense application; and

WHEREAS, this matter came before the Court for hearing on _____ ___, 2024 on the application of the Parties for approval of the Settlement, and due and adequate notice having been given to Current Oracle Stockholders as required in the Preliminary Approval Order, and the Court having considered all relevant papers and proceedings and otherwise being fully informed and good cause appearing;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein).

2.       This Court has jurisdiction over the subject matter of this Action, including all matters necessary to effectuate the Settlement, and over all parties to the Action, including Lead Plaintiff, the Current Oracle Stockholders, nominal defendant Oracle, and the Individual Defendants.

3.       The Action and all claims contained therein, as well as all of the Released Defendants' Claims and Released Plaintiffs' Claims as against the Released Parties, are dismissed with prejudice. As between the Lead Plaintiff and Defendants, the Parties are to bear their own costs, except as otherwise provided in the Stipulation regarding Plaintiffs' Counsel's attorneys' fees and expenses.

4.       The Court finds, pursuant to Fed. R. Civ. P. 23.1, that the Stipulation and Settlement are fair, reasonable, and adequate, and hereby finally approves the Stipulation and Settlement in all respects and orders the Parties to perform the terms of the Settlement set forth in the Stipulation to the extent the Parties have not already done so.

5.       Upon the Effective Date, Lead Plaintiff, the Company, and by operation of law the Current Oracle Stockholders, shall be deemed to have, and by operation of law and of this Judgment, shall have, fully, finally, and forever discharged, settled, and released, and shall forever be enjoined from commencing or prosecuting, any and all of the Released Plaintiffs' Claims (including Unknown Claims) against the Released Defendant Parties.  Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

6.       Upon the Effective Date, Defendants shall be deemed to have, and by operation of law and of this Judgment, shall have, fully, finally, and forever discharged, settled, and released, and shall forever be enjoined from commencing or prosecuting, any and all Released Defendants' Claims (including Unknown Claims) against the Released Plaintiff Parties.  Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

7.       The Court finds that the notice given to Current Oracle Stockholders was the best notice practicable under the circumstances. Said notice also provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully

satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

8. The Court hereby approves Co-Lead Counsel's application, on behalf of Plaintiffs' Counsel, for attorneys' fees and expenses, in accordance with the Stipulation, in the amount of $_____, and finds that such fees and expenses are fair and reasonable and awards such amount to Plaintiffs' Counsel. The Court also awards a service award to Lead Plaintiff City of Providence in the amount of $_____ to be paid solely from, and out of, the Fee and Expense Amount. Oracle shall pay, or cause the payment of, the Fee and Expense Amount into an account designated by Co-Lead Counsel within fifteen (15) business days of the entry of this Order and such awards shall be allocated by Co-Lead Counsel amongst Plaintiffs' Counsel as provided in the Stipulation.

9. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Parties as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Defendants or of the validity of any Released Claims; or (b) is intended by the Parties to be offered or received as evidence or used by any other Person in any other action or proceeding, whether civil, criminal, or administrative, against the Released Parties, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation. The Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense or counterclaim.

10. During the course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Action and the Parties to the Stipulation to enter any further orders

as may be necessary to effectuate the Stipulation, the Settlement provided for therein, and the provisions of this Judgment.

12.     Without further approval from the Court, Lead Plaintiff, Oracle, and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Current Oracle Stockholders in connection with the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

13.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Judgment shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of March 21, 2024.

14.     This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED

Dated: _____, 2024



_____
THE HONORABLE BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**

9        **NORTHERN DISTRICT OF CALIFORNIA**

10        **SAN JOSE DIVISION**

11

12    In re ORACLE CORPORATION                Lead Case No. 5:19-cv-00764-BLF
      STOCKHOLDER DERIVATIVE
13    LITIGATION

14    This Document Relates to:

15    ALL ACTIONS

16                    .                        **[PROPOSED] ORDER PRELIMINARILY
                                               APPROVING SETTLEMENT AND**
17                                             <u>**PROVIDING FOR NOTICE**</u>

18
19
20
21
22
23
24
25
26
27
28

1      WHEREAS, on March 22, 2024, (i) Lead Plaintiff City of Providence ("Lead Plaintiff"), on

2  behalf of itself and derivatively on behalf of nominal defendant Oracle Corporation ("Oracle" or the

3  "Company"), (ii) defendants Lawrence J. Ellison, Safra A. Catz, and Paula R. Hurd, as Trustee of the

4  Hurd Family Trust and personal representative of the Estate of Mark Hurd  (the "Individual

5  Defendants"); and (iii) nominal defendant Oracle (together with Lead Plaintiff and the Individual

6  Defendants, the "Parties"), entered into a Stipulation and Agreement of Settlement (the "Stipulation")

7  in the above-titled litigation (the "Action"), which is subject to review under Rule 23.1 of the Federal

8  Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and

9  conditions of the proposed settlement of the Action and the claims alleged in the Consolidated

10 Amended Verified Stockholder Derivative Complaint (the "Complaint"), filed on June 4, 2021, on

11 the merits and with prejudice (the "Settlement");

12      WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have

13 the meanings defined in the Stipulation; and

14      WHEREAS, the Court having considered the Stipulation and the Exhibits attached thereto and

15 having considered the arguments of the Parties;

16      NOW, THEREFORE, IT IS HEREBY ORDERED:

17      1.      The Court hereby preliminarily approves, subject to further consideration at the

18 Settlement Fairness Hearing described below, the Stipulation and the Settlement set forth therein,

19 including the terms and conditions for settlement and dismissal with prejudice of the Action.

20      2.      A hearing (the "Settlement Fairness Hearing") shall be held before this Court, either

21 in person or remotely at the Court's discretion,  on _____ __, 2024, at ____ __.m., at the United

22 States District Court for the Northern District of California, Robert F. Peckham Federal Building and

23 United States Courthouse, 280 South 1st Street, San Jose, California 95113, to determine:

24      (a)      whether the Settlement, on the terms and conditions provided for in the

25 Stipulation, is fair, reasonable, and adequate to Current Oracle Stockholders and to Oracle

26 Corporation and should be granted final approval pursuant to Fed. R. Civ. P. 23.1;

27                                          1

(b)     whether a Judgment as provided for in the Stipulation should be entered herein;

(c)     whether to grant Co-Lead Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees, litigation expenses, and a service award to Lead Plaintiff; and

(d)     such other matters as the Court may deem appropriate.

3.     The Court approves, as to form and content, the Long Form Notice and Summary Notice, attached hereto as Exhibits 1 and 2, and finds that the distribution of the Notices substantially in the manner and form set forth in this Order meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4.     Not later than ten (10) business days following entry of this Order, Oracle shall, at no cost to Plaintiffs or Plaintiffs' Counsel:

(a)     post a copy of the Long Form Notice, substantially in the form attached hereto as Exhibit 1, and the Stipulation (and Exhibits thereto) on the Investor Relations page of the Company's website, which page will be maintained through the date of the Settlement Fairness Hearing;

(b)     publish the Summary Notice, substantially in the form attached hereto as Exhibit 2, in *Investor's Business Daily* and issue a press release containing the Summary Notice on GlobeNewswire; and

(c)     request that the Depository Trust Company ("DTC") post the Long Form Notice on its LENS platform.

5.     At least twenty-one (21) calendar days before the Settlement Fairness Hearing, Defendants' counsel shall file with the Court proof, by affidavit or declaration, of the publication and distribution of the Notices as required under Paragraph 4.

6.     Pending final determination of whether the Settlement should be approved, no Current Oracle Stockholder, either directly, representatively, or in any other capacity, shall commence or

prosecute against any of the Defendants any action or proceeding in any court or tribunal asserting any of the Released Defendants' Claims.  All Current Oracle Stockholders will be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Oracle Stockholders.

7.     All papers in support of final approval of the Settlement and the award of attorneys' fees and expenses shall be filed with the Court and served at least thirty-five (35) calendar days prior to the Settlement Fairness Hearing, and any reply briefs shall be filed fourteen (14) calendar days before the Settlement Fairness Hearing.

8.     Any Current Oracle Stockholder may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Stockholder does not enter an appearance, he, she or it will be represented by Co-Lead Counsel.

9.     Any Current Oracle Stockholder may object to the proposed Settlement and/or Co-Lead Counsel's application for attorneys' fees, expenses, and a service award to Lead Plaintiff provided that they file an objection with the Court stating that they object to the proposed Settlement and/or the fee and expense application in "*In re Oracle Corporation Stockholder Derivative Litigation*, No. 5:19-cv-00764-BLF (N.D. Cal.)."  The objection must also state: (i) the name, address, telephone number, and email address of the objector and must be signed by the objector; (ii) the objection(s) and the specific reasons for each objection, and any legal and evidentiary support, and witnesses, the objector wishes to bring to the Court's attention; and (iii) include documents sufficient to show that the objector owned shares of Oracle common stock on March 22, 2024 and continues to hold Oracle common shares.  Objectors who are represented by counsel must also provide the name, address, and telephone number of their counsel, who must file a notice of appearance in the Action no later than twenty-one (21) calendar days before the Final Settlement Hearing.

10.     Unless otherwise ordered by the Court, no Current Oracle Stockholders shall be heard or entitled to contest the final approval of the terms and conditions of the Settlement or the attorneys' fees, expenses, and service award to be awarded, unless that Person has filed with the Clerk of the

3

Court at the address listed below, appropriate proof of Oracle stock ownership, along with written objections complying with the provisions of this Order such that they are received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing:

> Clerk of the Court
> UNITED STATES DISTRICT COURT
> NORTHERN DISTRICT OF CALIFORNIA
> Robert F. Peckham Federal Building and United States Courthouse
> 280 South 1st Street
> San Jose, CA 95113

Any Current Oracle Stockholder who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation, to the award of attorneys' fees and expenses to Plaintiffs' Counsel, and to a service award to Lead Plaintiff, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

11.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by any of the Parties as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Defendants or of the validity of any of the Released Claims; or (b) is intended by the Parties to be offered or received as evidence or used by any other Person in any other action or proceeding, whether civil, criminal, or administrative, against the Released Parties, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

4

12.     The Court reserves the right to adjourn the Settlement Fairness Hearing, decide to hold the hearing remotely, or modify any other dates set forth herein without further individual notice to Current Oracle Stockholders. Any such changes shall be posted on Lead Plaintiff's Counsel's website and Oracle's Investor Relations webpage. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement with any modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Oracle Stockholders.

13.     Until otherwise ordered by the Court, the Court hereby stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement.   Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Current Oracle Stockholders, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Defendants' Claims against the Released Defendant Parties.

14.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of March 21, 2024. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED

Dated: _____, 2024

_____
THE HONORABLE BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT B-1

**COTCHETT, PITRE & McCARTHY, LLP**
MARK C. MOLUMPHY (SBN 168009)
mmolumphy@cpmlegal.com
TYSON REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
San Francisco Airport Office Center
840 Malcom Road, Suite 200
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Counsel for Lead Plaintiff City of Providence*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. 5:19-cv-00764-BLF |
| This Document Relates to: | **NOTICE OF PENDENCY AND SETTLEMENT OF STOCKHOLDER DERIVATIVE ACTION** |
| ALL ACTIONS | |
| | Related Derivative Case: |
| | 5:19-cv-02448-BLF |
| | Judge: Hon. Beth Labson Freeman |
| | Date First Action Filed: Feb. 12, 2019 |
| | [EXHIBIT B-1] |

**TO:    ALL PERSONS AND ENTITIES THAT HELD ORACLE CORPORATION COMMON STOCK AS OF MARCH 22, 2024 AND WHO CONTINUE TO HOLD SHARES THROUGH THE DATE OF THE FINAL FAIRNESS HEARING ("CURRENT ORACLE STOCKHOLDERS").**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**IF YOU ARE A CURRENT ORACLE STOCKHOLDER, YOUR RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT.**

This Notice relates to a proposed settlement ("Settlement") of *In re Oracle Corporation Stockholder Derivative Litigation*, Lead Case No. 5:19-cv-00764-BLF (N.D. Cal.) (the "Action"). If the Court approves the proposed Settlement, Oracle Corporation ("Oracle") and all Current Oracle Stockholders will be forever barred from contesting the fairness, adequacy, and reasonableness of the proposed Settlement and from pursuing the Released Plaintiffs' Claims (*see* definition on page ____).

All capitalized terms used in this Notice that are not defined in this Notice have the meanings provided in the Stipulation of Settlement entered into on March 22, 2024 ("Stipulation"), by (1) Lead Plaintiff City of Providence ("Lead Plaintiff"); (2) Lawrence J. Ellison, Safra A. Catz, and Paula R. Hurd, as Trustee of the Hurd Family Trust and personal representative of the Estate of Mark Hurd[1] (the "Individual Defendants"); and (3) nominal defendant Oracle (together with the Individual Defendants, "Defendants"). Plaintiff and Defendants are collectively the "Parties."

**THIS NOTICE PROVIDES ONLY A SUMMARY OF THE MATERIAL TERMS OF THE SETTLEMENT AND RELEASES.** You can obtain more information by reviewing the Stipulation, which is available on Oracle's investor relations website at www.____, and on Lead Plaintiff's Counsel's website www.labaton.com.

Because the Settlement resolves a derivative lawsuit, which was brought on behalf of and for the benefit of Oracle rather than individual class members, the benefits from the Settlement will go to Oracle. Oracle stockholders will not receive any direct payment from the Settlement and Current Oracle Stockholders cannot request exclusion. You may, however, object to the Settlement and the request for attorneys' fees and litigation expenses, as explained on page ____ below.

**THERE IS NO PROOF OF CLAIM FORM FOR STOCKHOLDERS TO SUBMIT IN CONNECTION WITH THIS SETTLEMENT**.

## I.       PURPOSE OF THIS NOTICE – SETTLEMENT FAIRNESS HEARING

The purpose of this Notice is to explain the Action, the terms of the proposed Settlement, and how the proposed Settlement affects Current Oracle Stockholders' legal rights. This Notice is issued pursuant to an Order of the United States District Court for the Northern District of California (the "Court") dated _____, 2024 ("Preliminary Approval Order"). This Notice describes the rights you may have in the Action and what steps you may take, but are not required to take, in relation to the Settlement.

The Court will hold a hearing (the "Settlement Fairness Hearing") before the Honorable Beth Labson Freeman **on ___, 2024 at __:__ ___.m.**, either in person at the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 3 – 5th Floor, 280 South 1st Street, San Jose, CA 95113, or by telephone or video conference (in the discretion of the Court), to consider whether the Judgment, substantially in the form of Exhibit A to the Stipulation, should be entered: (i) approving the terms of the Settlement as fair, reasonable, and adequate and in the best interests of Oracle and Oracle's Stockholders; (ii) dismissing the Action with prejudice, pursuant to the terms of the Stipulation; and (iii) ruling upon applications for the Fee and Expense Amount.

---

[1] Defendant Mark Hurd passed away during the pendency of the Action.

**Please Note:** The date and time of the Settlement Fairness Hearing may change without further written notice to Current Oracle Stockholders. Any changes, including the procedures related to remote participation, will be posted on Oracle's investor relations website at www.____ and Lead Plaintiffs' Counsel's website at www.labaton.com.  You may also periodically check the Court's website at https://www.cand.uscourts.gov/cm-ecf. Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

## II.    BACKGROUND OF THE SETTLING MATTERS

**THE FOLLOWING DESCRIPTION OF THE ACTION AND THE SETTLEMENT HAS BEEN PREPARED BY COUNSEL FOR THE PARTIES AND DOES NOT CONSTITUTE FINDINGS OF THE COURT.  IT SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES OR THE FAIRNESS OR ADEQUACY OF THE PROPOSED SETTLEMENT.**

### A.    Factual and Procedural Background

On May 6, 2019, Lead Plaintiff filed a stockholder derivative complaint on behalf of nominal defendant Oracle, Case No. 5:19-cv-02448-BLF (N.D. Cal.), against Safra A. Catz, Mark V. Hurd, Lawrence J. Ellison, and Thomas Kurian for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5, as well as alleged breaches of fiduciary duties, and seeking contribution and indemnification.  Prior to Lead Plaintiff's complaint, two other stockholder derivative actions had been filed on behalf of Oracle in the same Court (the "Related Cases").  On June 26, 2019, the Court entered a Stipulation and Order to Consolidate the Related Derivative Actions, Appoint Lead Plaintiff and Co-Lead Counsel, and Stay Derivative Action ("Stay Order") that, among other things, (i) appointed City of Providence as lead plaintiff and Cotchett, Pitre & McCarthy, LLP and Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) as co-lead counsel ("Co-Lead Counsel"), and (ii) temporarily stayed the Action pending the Court's decision on a motion to dismiss filed by defendants in *In re Oracle Securities Corporation Securities Litigation*, Case No. 5:18-cv-04844-BLF (the "Securities Litigation"), but allowed Lead Plaintiff to file a consolidated complaint.

On March 22, 2021, the Court issued an order granting in part and denying in part defendants' motion to dismiss in the Securities Litigation.

On June 4, 2021, Lead Plaintiff filed a Consolidated Amended Verified Stockholder Derivative Complaint (the "Complaint") against the Individual Defendants alleging violations of Sections 10(b) and 20(a) of the Exchange Act, as well as breaches of fiduciary duties, and seeking contribution and indemnification.  The Complaint alleges, among other things, that the Individual Defendants made misleading statements and omissions to Oracle's stockholders concerning the revenue drivers of Oracle's cloud services.  In particular, the Complaint alleges, in part, that the Individual Defendants underestimated the future growth and importance of cloud service while at the same time falsely touting that Oracle had superior cloud products and impressive sales and revenue growth in its cloud business.  Further, the Complaint alleges, in part, that Oracle executed over $14 billion in stock repurchases to allegedly mask the Company's stagnating growth.  The Individual Defendants deny all allegations.

2

On June 14, 2021, the Court entered a Stipulation and Order to Continue Stay of Derivative Action that, among other things, temporarily stayed the Action until the earlier of: (i) notification of a settlement of the Securities Class Action; (ii) the conclusion of the Securities Class Action by way of a final, non-appealable judgment; or (iii) an agreement the Parties. (On July 11, 2022, an Unopposed Motion for Preliminary Approval of Settlement was filed in the Securities Class Action.)

On September 9, 2022, the Court entered a Stipulated Order to Continue Stay of Derivative Action Pending Mediation that, among other things, temporarily stayed the Consolidated Derivative Action pending the Parties' discussions concerning a potential mediated resolution of the Action.

## B.   The Parties' Extensive Settlement Negotiations

To facilitate their discussions, the Parties retained the services of mediator Jed Melnick, Esq. (the "Mediator").  Prior to the mediation, Oracle and the Individual Defendants produced to Lead Plaintiff documents related to the allegations in the Complaint.  Lead Plaintiff also served a demand letter informed by its counsel's investigation and the documents produced by Oracle and the Individual Defendants, setting forth its position to facilitate a discussion of potential corporate governance reforms to address the conduct alleged in the Complaint.  In addition, counsel for the Individual Defendants and Lead Plaintiff met virtually to discuss potential corporate governance reforms that could form the basis for a settlement of the Action.  While these meetings and discussions did not result in an agreement, the Parties agreed to continue their settlement discussions under the guidance of the Mediator and to exchange additional information with respect to potential corporate governance reforms.

On January 13, 2023, the Court entered a judgment approving the settlement of the Securities Class Action.

On October 17, 2023, with the continued assistance of the Mediator, the Parties ultimately reached an agreement in principle on the material substantive consideration for the Settlement and drafted a written set of corporate governance reforms for Oracle to adopt, implement, and maintain as set forth below.  After negotiating and reaching agreement on the corporate governance provisions, the Parties then began negotiations about the payment of the fees and litigation expenses of Plaintiffs' Counsel.[2]  After negotiations amongst counsel through the Mediator, on January 22, 2024, Lead Plaintiff and Oracle agreed that, subject to Court approval, attorneys' fees and expenses up to an aggregate amount of $700,000 would be paid to Plaintiffs' Counsel by Oracle (the "Fee and Expense Amount") in consideration for the substantial benefits conferred upon Oracle and its stockholders by the Settlement.

## III.   TERMS OF THE SETTLEMENT

In consideration of the Settlement and the releases provided, and subject to the terms and conditions of the Stipulation, the Parties have agreed to the following settlement consideration for Oracle:

---

[2] "Plaintiffs' Counsel" is Cotchett, Pitre & McCarthy, LLP; Labaton Keller Sucharow LLP (f/k/a Labaton Sucharow LLP); Gainey McKenna & Egleston LLP; Thornton Law Firm LLP; and Tostrud Law Group, P.C.

1. Oracle will continue or will implement the following corporate governance measures:

- After each quarterly earnings conference call, Oracle's Legal Department will review a transcript of the conference call to evaluate whether any correction, amendment, or change to any of the statements made during the call should be considered.

- To the extent that the Legal Department believes it would be necessary or appropriate in connection with this review, the Legal Department may consult with representatives from Oracle's Finance, Investor Relations, Sales, or Accounting teams.

- Following its review of the quarterly earnings conference call transcript, the Legal Department will advise Oracle management in a timely fashion of the outcome of its review, so that the Company may determine whether a prompt corrective disclosure is appropriate.

- Each quarter, the Legal Department shall provide to the Finance and Audit Committee of Oracle's Board of Directors (the "Board") an update concerning its review of the most recent earnings conference call transcript. The update shall include whether, based on the facts and circumstances identified, any additional or clarifying disclosures have been made.

- The Board's Finance and Audit Committee shall review the Legal Department's update and take whatever actions, if any, it deems appropriate in response.

- Oracle shall amend the charter of the Board's Finance and Audit Committee to reflect that Committee's role in this process.

2. These reforms will be in place for a period of five (5) years from the Effective Date of the Settlement unless otherwise modified, as a result of a change in law or regulations, or as necessary in the good-faith judgment of a unanimous vote or written consent of all of the independent directors of the Board. At the conclusion of the five (5) year term, the Board's Finance and Audit Committee will review the process to determine whether it should be continued or modified.

## IV.    REASONS FOR THE SETTLEMENT

Co-Lead Counsel believe that the claims asserted in the Action have merit and that their investigation of the evidence supports the claims asserted.  Without conceding the merit of any of Defendants' defenses, and in light of the benefits of the Settlement as well as to avoid the risk, uncertainty, and potentially protracted time and expense associated with continued litigation, including potential trial(s) and appeal(s), Lead Plaintiff and Co-Lead Counsel have concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  Co-Lead Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as the Action, the difficulties and delays inherent in such litigation, the cost to Oracle—on behalf of which Lead Plaintiff is prosecuting the Action—and distraction to Oracle's management and employees that would result from extended litigation. Based on their evaluation, and in light of what Co-Lead Counsel believe to be the significant benefits conferred upon Oracle as a result of the Settlement, Lead Plaintiff and Co-Lead Counsel have determined that the Settlement is in the best interests of Oracle and the Current Oracle

4

Stockholders and have agreed to settle the Action upon the terms and subject to the conditions set forth in the Stipulation.

Each Individual Defendant has denied and continues to deny that he or she has committed any violations of law, any breaches of fiduciary duty owed to Oracle, or any wrongdoing whatsoever, and expressly maintains that, at all relevant times, he or she acted in good faith and in a manner that he or she reasonably believed to be in the best interests of Oracle and its stockholders. The Individual Defendants further deny that Lead Plaintiff, Oracle, or its stockholders suffered any damage or were harmed as a result of any act, omission, or conduct by the Individual Defendants as alleged in the Action or otherwise.

Oracle's Board has approved that the Settlement confers substantial benefits upon Oracle and the Current Oracle Stockholders, and that the Settlement and each of its terms are fair and reasonable and serve the best interests of Oracle and the Current Oracle Stockholders. Defendants have, therefore, entered into the Settlement for the benefit of Oracle to eliminate the uncertainty, distraction, disruption, burden, risk, and expense of further litigation.

## V.   RELEASES

Upon the Effective Date of the Settlement, the Lead Plaintiff, Oracle and all Current Oracle Stockholders will release all of the Released Plaintiffs' Claims (including Unknown Claims) against the Released Defendant Parties, and Defendants will release any and all Released Defendants' Claims (including Unknown Claims) against the Released Plaintiff Parties.

"**Released Plaintiffs' Claims**" means any and all claims (including Unknown Claims), rights, and claims for relief, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, including, without limitation, unknown claims and claims under California and common law, federal and state securities laws, and claims under any law governing fiduciaries or the duties of fiduciaries, that have been, could have been, or in the future might be or could be asserted in any form and in any forum derivatively by Oracle stockholders, or by Oracle against the Defendants or any of their Immediate Family Members, parent entities, affiliates, or subsidiaries and each and all of their respective past, present, or future officers, directors, employees, attorneys, accountants, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns that exist, could have existed, or may arise in connection with or that relate to the transactions, or matters, or occurrences, or representations, or omissions involved, set forth, referred to, or which relate in any way to: (a) the facts or allegations contained in the Action (including, but not limited to, breach of any duty owed to Oracle or its stockholders, including the duties of care, loyalty, and good faith); or (b) any allegation that Defendants or related parties improperly defended or settled the Action or the Released Plaintiffs' Claims or both. Released Plaintiffs' Claims shall not include any claims arising out of, based upon, or relating to the enforcement of the Settlement.

"**Released Defendant Parties**" means the Defendants, and any of their Immediate Family Members, parent entities, affiliates, or subsidiaries and each and all of their respective past, present, or future officers, directors, employees, attorneys, accountants, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns.

"**Released Defendants' Claims**" means any and all claims (including Unknown Claims), rights, and claims for relief, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, including, without limitation, unknown claims and claims under California and common law, federal and state securities laws, and claims under any law governing fiduciaries or the duties of fiduciaries, that have been, could have been, or in the future might be or could be asserted in any form and in any forum against any of the Released Plaintiff Parties that arise out of, are based upon, or relate to the commencement, litigation, or settlement of the Action.  Released Defendants' Claims shall not include any claims arising out of, based upon, or relating to the enforcement of the Settlement.

"**Released Plaintiff Parties**" means Lead Plaintiff, and any of its Immediate Family Members, parent entities, affiliates, or subsidiaries and each and all of their respective past, present, or future officers, directors, employees, attorneys (including Plaintiffs' Counsel), accountants, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns, in their capacities as such, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their Immediate Family members.

"**Unknown Claims**" means any Released Plaintiffs' Claims which Lead Plaintiff, the Company, or any Current Oracle Stockholder does not know or suspect to exist in his, her, or its favor at the time of the release of such claims and any Released Defendants' Claims which any Individual Defendant or the Company does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff, Defendants, and Current Oracle Stockholders shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provided:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known to him or her, would have materially affected his or her settlement with the debtor or released party.

Any of Lead Plaintiff, Defendants, or Current Oracle Stockholders may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Plaintiffs' Claims or Released Defendants' Claims but, upon the Court's entry of the Judgment, Lead Plaintiff, Defendants, and each of the Current Oracle Stockholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled any and all Released Plaintiffs' Claims or Released Defendants' Claims without regard to the subsequent discovery or existence of such different or additional facts.  The Parties acknowledge that the foregoing waiver was separately bargained for and a key element of the Settlement.

**THE ABOVE DESCRIPTION OF THE PROPOSED SETTLEMENT AND RELEASES IS A SUMMARY.**  The complete terms, including all definitions, are in the Stipulation,

6

which is available on Oracle's investor relations website www.____ and on Lead Plaintiff's Counsel's website at www.____.

## VI.    APPLICATION FOR FEE AND EXPENSE AMOUNT AND SERVICE AWARD

Subject to approval of the Court, Co-Lead Counsel will seek, on behalf of Plaintiffs' Counsel, an award of attorneys' fees and payment of reasonable litigation expenses incurred in the litigation. Co-Lead Counsel will also seek a service award for Lead Plaintiff in the amount of $5,000.00, to be paid solely out of the Fee and Expense Amount.  The total request by counsel for all Plaintiffs' Counsel for fees and expenses will not exceed $700,000.  Oracle will pay the full amount of any fee and expense award by the Court.  Oracle Stockholders are not personally liable for any such fees or expenses.

The Court's decision granting, in whole or in part, any application for the Fee and Expense Amount is not a condition of the Stipulation or of entry of the Judgment.  Any request for attorneys' fees, expenses, or a service award will be considered by the Court separately from the Court's consideration of whether the Settlement is fair, reasonable, adequate, and in the best interests of Oracle and Current Oracle Stockholders.

## VII.    YOUR RIGHT TO APPEAR AND OBJECT

Any Person who owned Oracle common stock as of March 22, 2024 and continues to hold the stock as of the date of the _____, 2024 Settlement Fairness Hearing (Current Oracle Stockholder) may object to the approval of the proposed Settlement and/or any application for the Fee and Expense Amount, and appear at the hearing to explain their views, provided that they send a signed letter to the Court stating that they object to the proposed Settlement and/or the applications for a Fee and Expense Amount in "*In re Oracle Corporation Stockholder Derivative Litigation*, No. 5:19-cv-00764-BLF (N.D. Cal.)."  The objection must also state: (i) the name, address, telephone number, and email address of the objector and must be signed by the objector; (ii) the objection(s) and the specific reasons for each objection, and any legal and evidentiary support, and witnesses, the objector wishes to bring to the Court's attention; and (iii) include documents sufficient to show that the objector owned shares of Oracle common stock on March 22, 2024 and continues to hold Oracle common shares. Objectors who are represented by counsel must also provide the name, address, and telephone number of their counsel, who must file a notice of appearance in the Action no later than ____, 2024. Objectors who appear through their own attorney are also responsible for paying for that attorney.  The Court can only approve or deny the proposed Settlement; it cannot change the terms of the Settlement.

Objections must be filed with the Court, by mail or personal delivery, ***no later than _____, 2024***:

**Office of the Clerk**
United States Courthouse
280 South 1st Street Room 2112
San Jose, CA 95113

7

Documentation establishing ownership of Oracle common stock must consist of copies of monthly brokerage account statements, or an authorized statement from the objector's broker containing the information found in an account statement.

Unless otherwise ordered by the Court, any Current Oracle Stockholder who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement and/or any application for the Fee and Expense Amount.

## VIII.   REQUESTS FOR FURTHER INFORMATION

This Notice summarizes the proposed Settlement.  More details are in the Stipulation.  Co-Lead Counsel's motions in support of final approval of the Settlement, the requests for attorneys' fees, litigation expenses, and a service award will be filed with the Court no later than _____, 2024 and be available from Co-Lead Counsel or the Court, pursuant to the instructions below.

You may review the Stipulation and other documents filed in the case at the Office of the Clerk of the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113 on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m.  Subscribers to PACER can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

You may also obtain a copy of the Stipulation and other case documents by visiting the website of Lead Plaintiff's Counsel, www.labaton.com.

If you have any questions regarding the Action or the Settlement, you may also contact Co-Lead Counsel:

Mark C. Molumphy, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
mmolumphy@cpmlegal.com

Alfred L. Fatale III, Esq.
Labaton Keller Sucharow LLP
140 Broadway
New York, NY  10005
Telephone: (888) 219-6877
settlementquestions@labaton.com

**PLEASE DO NOT CALL THE COURT WITH QUESTIONS ABOUT THE SETTLEMENT.**

Dated:_____ ___, 2024                         BY ORDER OF THE U.S. DISTRICT COURT
                                                                          NORTHERN DISTRICT OF CALIFORNIA

8

# EXHIBIT B-2

**COTCHETT, PITRE & McCARTHY, LLP**
MARK C. MOLUMPHY (SBN 168009)
mmolumphy@cpmlegal.com
TYSON REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
San Francisco Airport Office Center
840 Malcom Road, Suite 200
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Counsel for Lead Plaintiff City of Providence*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION STOCKHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case No. 5:19-cv-00764-BLF<br><br>**SUMMARY NOTICE OF PENDENCY AND SETTLEMENT OF DERIVATIVE ACTION**<br><br>Related Derivative Case:<br><br>5:19-cv-02448-BLF<br><br>Judge: Hon. Beth Labson Freeman<br>Date First Action Filed: Feb. 12, 2019<br><br>[EXHIBIT B-2] |

**TO:   ALL PERSONS AND ENTITIES THAT HELD ORACLE CORPORATION ("ORACLE") COMMON STOCK AS OF MARCH 22, 2024 AND WHO CONTINUE TO HOLD SHARES THROUGH THE DATE OF THE FINAL FAIRNESS HEARING ("CURRENT ORACLE STOCKHOLDERS").**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**IF YOU ARE A CURRENT ORACLE STOCKHOLDER, YOUR RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT.**

**YOU ARE HEREBY NOTIFIED** of a proposed settlement ("Settlement") of the above-referenced shareholder derivative action (the "Action"). If the Court approves the proposed Settlement, all Current Oracle Stockholders (defined below) will forever be barred from contesting

the fairness, adequacy, and reasonableness of the Settlement and from pursuing the Released Plaintiffs' Claims. All capitalized terms used in this notice that are not defined have the meanings provided in the Stipulation of Settlement entered into on March 22, 2024 ("Stipulation"), by (1) Lead Plaintiff City of Providence ("Lead Plaintiff"); (2) Lawrence J. Ellison, Safra A. Catz, and Paula R. Hurd, as Trustee of the Hurd Family Trust and personal representative of the Estate of Mark Hurd[1] (the "Individual Defendants"); and (3) nominal defendant Oracle (together with the Individual Defendants, "Defendants"). **THIS NOTICE PROVIDES ONLY A SUMMARY OF THE SETTLEMENT.** You can obtain more information by reviewing the Stipulation, as well as the full Notice of Pendency and Settlement of Stockholder Derivative Action ("Notice"), both of which are available on Oracle's investor relations website at www.____, and on Lead Plaintiff's Counsel's website at www.labaton.com.

In exchange for the Settlement and the releases provided for, subject to the terms of the Stipulation, the Parties have agreed to several corporate governance measures for a period of at least five years from the Effective Date of the Settlement that implement review procedures after Oracle's quarterly earnings conference calls and consideration of whether any correction, amendment, or change to any of the statements made during the call should be considered.

Co-Lead Counsel have not received any attorneys' fees for their work, and will ask the Court, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees, payment of reasonable litigation expenses, and a service award for Lead Plaintiff ("Fee and Expense Amount"). The total request by Plaintiffs' Counsel will not exceed $700,000. Oracle will pay the Fee and Expense Amount awarded by the Court. Oracle Stockholders are not personally liable for any such fees or expenses.

**PLEASE ALSO TAKE NOTICE** that a Settlement Fairness Hearing will be held before United States District Judge Beth Labson Freeman **on __, 2024, at __:___ ___.m.,** either in person at the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 3 – 5th Floor, 280 South 1st Street, San Jose, CA 95113, or by telephone or video conference (in the discretion of the Court), to consider whether the Judgment, substantially in the form of Exhibit A to the Stipulation, should be entered: (i) approving the terms of the Settlement as fair, reasonable, and adequate and in the best interests of Oracle and Oracle's stockholders; (ii) dismissing the Action with prejudice, pursuant to the terms of the Stipulation; and (iii) ruling upon applications for the Fee and Expense Amount.

**Please Note:** The date and time of the Settlement Fairness Hearing may change without further written notice to Current Oracle Stockholders. Any changes and procedures related to remote participation will be posted on Oracle's investor relations website at www.____ and Lead Plaintiffs' Counsel's website at www.labaton.com.

Any person or entity who or which owned Oracle common stock as of March 22, 2024 and continues to hold the stock as of the date of the Settlement Fairness Hearing ("Current Oracle Stockholder") may object to the approval of the proposed Settlement and/or any application for the Fee and Expense Amount, and appear at the hearing to explain their views, provided that they file any such objections with the Court **no later than __, 2024,** according to the instructions in the full Notice. The Court can only approve or deny the proposed Settlement; it cannot change the terms of the Settlement.

---

[1] Defendant Mark Hurd passed away during the pendency of the Action.

Because the Settlement resolves a derivative lawsuit, which was brought on behalf of and for the benefit of Oracle rather than individual class members, the benefits from the Settlement will go to Oracle. Current Oracle Stockholders will not receive any direct payment from the Settlement and Current Oracle Stockholders cannot request exclusion.

**ACCORDINGLY, THERE IS NO PROOF OF CLAIM FORM FOR STOCKHOLDERS TO SUBMIT IN CONNECTION WITH THIS SETTLEMENT**.

If you have any questions regarding this notice, the Action, or the Settlement, you may contact Co-Lead Counsel:

Mark C. Molumphy, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Road, Suite 200
Burlingame, California 94010
(650) 697-6000
mmolumphy@cpmlegal.com

Alfred L. Fatale III, Esq.
Labaton Keller Sucharow LLP
140 Broadway
New York, NY 10005
(888) 219-6877
settlementquestions@labaton.com

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

DATED: _____, 2024                   BY ORDER OF THE U.S. DISTRICT COURT
                                           NORTHERN DISTRICT OF CALIFORNIA