1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| In re ORACLE CORPORATION STOCKHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case No. 5:19-cv-00764-BLF<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
|---|---|

WHEREAS, on March 22, 2024, (i) Lead Plaintiff City of Providence ("Lead Plaintiff"), on behalf of itself and derivatively on behalf of nominal defendant Oracle Corporation ("Oracle" or the "Company"), (ii) defendants Lawrence J. Ellison, Safra A. Catz, and Paula R. Hurd, as Trustee of the Hurd Family Trust and personal representative of the Estate of Mark Hurd (the "Individual Defendants"); and (iii) nominal defendant Oracle (together with Lead Plaintiff and the Individual Defendants, the "Parties"), entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23.1 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Consolidated Amended Verified Stockholder Derivative Complaint (the "Complaint"), filed on June 4, 2021, on the merits and with prejudice (the "Settlement");

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Stipulation; and

WHEREAS, the Court having considered the Stipulation and the Exhibits attached thereto and having considered the arguments of the Parties;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves, subject to further consideration at the Settlement Fairness Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2. A hearing (the "Settlement Fairness Hearing") shall be held before this Court, either in person or remotely at the Court's discretion, on November 14, 2024, at 8:45 _.m., at the U.S. District Court for the Northern District of California, Robert F. Peckham Federal Building and United States Courthouse, 280 South 1st Street, San Jose, California 95113, by Zoom webinar to determine:

(a) whether the Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate to Current Oracle Stockholders and to Oracle Corporation and should be granted final approval pursuant to Fed. R. Civ. P. 23.1;

1

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
LEAD CASE NO. 5:19-CV-00764-BLF

1        (b)    whether a Judgment as provided for in the Stipulation should be entered herein;

2        (c)    whether to grant Co-Lead Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees, litigation expenses, and a service award to Lead Plaintiff; and

      (d)    such other matters as the Court may deem appropriate.

3.    The Court approves, as to form and content, the Long Form Notice and Summary Notice, attached hereto as Exhibits 1 and 2, and finds that the distribution of the Notices substantially in the manner and form set forth in this Order meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4.    Not later than ten (10) business days following entry of this Order, Oracle shall, at no cost to Plaintiffs or Plaintiffs' Counsel:

      (a)    post a copy of the Long Form Notice, substantially in the form attached hereto as Exhibit 1, and the Stipulation (and Exhibits thereto) on the Investor Relations page of the Company's website, which page will be maintained through the date of the Settlement Fairness Hearing;

      (b)    publish the Summary Notice, substantially in the form attached hereto as Exhibit 2, in *Investor's Business Daily* and issue a press release containing the Summary Notice on GlobeNewswire; and

      (c)    request that the Depository Trust Company ("DTC") post the Long Form Notice on its LENS platform.

5.    At least twenty-one (21) calendar days before the Settlement Fairness Hearing, Defendants' counsel shall file with the Court proof, by affidavit or declaration, of the publication and distribution of the Notices as required under Paragraph 4.

6.    Pending final determination of whether the Settlement should be approved, no Current Oracle Stockholder, either directly, representatively, or in any other capacity, shall commence or

prosecute against any of the Defendants any action or proceeding in any court or tribunal asserting any of the Released Defendants' Claims. All Current Oracle Stockholders will be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Oracle Stockholders.

7. All papers in support of final approval of the Settlement and the award of attorneys' fees and expenses shall be filed with the Court and served at least thirty-five (35) calendar days prior to the Settlement Fairness Hearing, and any reply briefs shall be filed fourteen (14) calendar days before the Settlement Fairness Hearing.

8. Any Current Oracle Stockholder may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Stockholder does not enter an appearance, he, she or it will be represented by Co-Lead Counsel.

9. Any Current Oracle Stockholder may object to the proposed Settlement and/or Co-Lead Counsel's application for attorneys' fees, expenses, and a service award to Lead Plaintiff provided that they file an objection with the Court stating that they object to the proposed Settlement and/or the fee and expense application in "*In re Oracle Corporation Stockholder Derivative Litigation*, No. 5:19-cv-00764-BLF (N.D. Cal.)." The objection must also state: (i) the name, address, telephone number, and email address of the objector and must be signed by the objector; (ii) the objection(s) and the specific reasons for each objection, and any legal and evidentiary support, and witnesses, the objector wishes to bring to the Court's attention; and (iii) include documents sufficient to show that the objector owned shares of Oracle common stock on March 22, 2024 and continues to hold Oracle common shares. Objectors who are represented by counsel must also provide the name, address, and telephone number of their counsel, who must file a notice of appearance in the Action no later than twenty-one (21) calendar days before the Final Settlement Hearing.

10. Unless otherwise ordered by the Court, no Current Oracle Stockholders shall be heard or entitled to contest the final approval of the terms and conditions of the Settlement or the attorneys' fees, expenses, and service award to be awarded, unless that Person has filed with the Clerk of the

Court at the address listed below, appropriate proof of Oracle stock ownership, along with written objections complying with the provisions of this Order such that they are received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing:

>Clerk of the Court
>UNITED STATES DISTRICT COURT
>NORTHERN DISTRICT OF CALIFORNIA
>Robert F. Peckham Federal Building and United States Courthouse
>280 South 1st Street
>San Jose, CA 95113

Any Current Oracle Stockholder who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation, to the award of attorneys' fees and expenses to Plaintiffs' Counsel, and to a service award to Lead Plaintiff, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

11. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by any of the Parties as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Defendants or of the validity of any of the Released Claims; or (b) is intended by the Parties to be offered or received as evidence or used by any other Person in any other action or proceeding, whether civil, criminal, or administrative, against the Released Parties, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. The Court reserves the right to adjourn the Settlement Fairness Hearing, decide to hold the hearing remotely, or modify any other dates set forth herein without further individual notice to Current Oracle Stockholders. Any such changes shall be posted on Lead Plaintiff's Counsel's website and Oracle's Investor Relations webpage. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement with any modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Oracle Stockholders.

13. Until otherwise ordered by the Court, the Court hereby stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Current Oracle Stockholders, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Defendants' Claims against the Released Defendant Parties.

14. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of March 21, 2024. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED

Dated: _August 8_____, 2024        _____/s/ Beth Labson Freeman_____
                                     THE HONORABLE BETH LABSON FREEMAN
                                     UNITED STATES DISTRICT JUDGE